[Civ. No. 12267. Second Appellate District, Division Two.—December 29, 1939.]

THOMAS E. HARMAN et al., Respondents, v. BAY CITIES TRANSIT COMPANY (a Corporation), Appellant.

Charles E. R. Fulcher and Reginald I. Bauder for Appellant.

Bernard Brennan for Respondents.

McCOMB, J.—From a judgment in favor of plaintiffs after trial before a jury in an action to recover damages for personal injuries, defendant appeals.

Viewing the evidence in the light most favorable to plaintiffs (respondents), the essential facts are:

May 8, 1938, at about 10:22 P. M., plaintiff Thomas E. Harman was driving with his wife in an easterly direction on Colorado Street just west of its intersection with Fourth Street in the city of Santa Monica. At about the same time defendant was operating its bus in a northerly direction on Fourth Street and approaching the same intersection. Plain-

tiff came to a boulevard stop before entering the intersection. He looked to his right and saw defendant's bus approximately 250 feet away, approaching the intersection at an indeterminate speed. He then proceeded in an easterly direction into the intersection at a speed of approximately five miles an hour, believing that he had ample time to pass in front of the bus. When east of the center line of Fourth Street defendant's bus collided with the center of the automobile in which plaintiffs were riding, causing them personal injuries.

Defendant relies for reversal of the judgment on these propositions:

*First: Plaintiff Thomas E. Harman was contributorily negligent as a matter of law.*

*Second: The trial court committed prejudicial error in striking from the following instructions proposed by defendant the portions thereof underscored:*

*(a) "Section 552 of the Motor Vehicle Code of the State of California provides as follows:*

*" 'Vehicle entering through highway. The driver of any vehicle which has stopped as required by this code at the entrance to a through highway shall yield the right of way to other vehicles which have entered the intersection from the through highway or which are approaching so closely on the through highway as to constitute an immediate hazard, but said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on the through highway shall yield the right of way to the vehicle so about to enter or cross the through highway.'*

*"A violation of this section is negligence in and of itself and if, after a consideration of all the evidence you find that the plaintiff Thomas E. Harman violated the provisions of the above section, then he may not recover and it would be your duty to return your verdict in favor of the defendant and against the plaintiffs."*

*(b) "You are instructed that under the Motor Vehicle Act of the state of California in full force and effect at the time of the happening of the accident in question, it was unlawful for the driver of a vehicle to enter a through highway protected by a boulevard stop sign, such as the high-*

*way in question here, without first having brought such vehicle to a full stop.*

*"You are instructed that a violation of this provision constitutes negligence in and of itself, and if after a consideration of all the evidence in this case, you believe that the plaintiff Thomas E. Harman entered such highway without having brought his vehicle to a stop, that such conduct on his part constituted negligence, and plaintiffs cannot recover."*

*Third: The trial court committed prejudicial error in refusing the following instruction proposed by defendant:*

*"You are instructed that when the operator of a vehicle has brought the same to a stop before entering a through highway, that it is the duty of such operator to yield the right of way to all vehicles upon said highway which are in the intersection or so close thereto to constitute an immediate hazard. Therefore, you are instructed that even though you should find that the plaintiff Thomas E. Harman brought his vehicle to a full stop before entering the highway in question and started to cross the intersection at a time when the defendant's bus was so close thereto as to constitute an immediate hazard to the safe crossing of said intersection, that it was the duty of the said plaintiff to yield the right of way to said bus.*

*"You are further instructed that should you find that under such circumstances the plaintiff Thomas E. Harman failed to yield the right of way, that such conduct on his part constituted negligence, and if such negligence proximately contributed to the happening of the accident in any manner, however slight, then your verdict must be in favor of the defendant and against the plaintiffs."*

There is no merit in defendant's first proposition. An examination of the record discloses substantial evidence to sustain each and every fact set forth above. From those facts the trial jury may have believed, and by its verdict impliedly did believe that the automobile in which plaintiffs were riding stopped before entering the intersection, and that the plaintiff driver thereof saw defendant's bus approaching from his right and believed that he had ample time in which to cross the intersection before the bus reached the same; and that in so doing the plaintiff driver acted

as a reasonably prudent man under similar circumstances would have acted. This finding of the jury being based, as we have stated, upon substantial evidence is binding upon this court. Further discussion of the evidence is unnecessary.

The second proposition is likewise untenable. The trial court instructed the jury as follows:

"When the law says that one person has the right-of-way over another its purpose simply is to establish a practical basis for necessary courtesy on the highway, and its meaning is that when at any given moment two persons neither of whom then occupies the space in question desires to proceed into the same place on the highway, one of them shall yield. The other has the privilege of the immediate use of the space in question. That privilege is his right-of-way.

"Failure to yield to one to whom the law has given the right-of-way is negligence. . . . "

The instructions of the trial court are to be considered in their entirety and as a whole. The jury was therefore informed that a failure to yield the right of way to one entitled thereto constituted negligence, which covered the subject which the trial court deleted from the requested instructions of defendant. Moreover the deleted portions of the instructions did not include the element of proximate cause.

Defendant's final proposition is likewise untenable. The subject matter thereof was fully covered by the instructions heretofore quoted and the instructions which were read by the court to the jury.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 26, 1940. Edmonds, J., voted for a hearing.